IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONGIA STEVENS,           § | |
|     Plaintiff,     § | |
| § | Civil Action No. 3:11-CV-0069-K |
| v.           § | |
| § | |
| WELLS FARGO HOME MORTGAGE,   § | |
|     Defendant.     § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is the March 17, 2011 Motion to Dismiss of Defendant Wells Fargo Home Mortgage (doc. 4). Plaintiff Tongia Stevens has failed to file a response, and the time to do so has expired.

Plaintiff filed an action in state court on December 7, 2010, and Defendant removed the case to federal court on January 11, 2011. (Docket 1.) Defendant contends the case should be dismissed for failure to state a claim upon which relief may be granted.

## Analysis

To defeat a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Because Plaintiff is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

Even construing Plaintiff's Complaint liberally, it does not comply with Rule 8(a) and is dismissible pursuant to Rule 12(b)(6). It contains no facts and no allegations that would entitle it to relief against Defendant. Instead, Plaintiff makes vague claims questioning whether Defendant is holder of the original Promissory Note, and the Court is unable to decipher what causes of action Plaintiff means to assert. Plaintiff has not raised a cognizable legal theory nor provided sufficient facts to support a cognizable legal theory.

The Court finds that Defendant has shown that it is entitled to dismissal without prejudice pursuant to 12(b)(6).

**<u>Recommendation</u>**

The Court recommends that the District Court grant Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted and dismiss without prejudice Plaintiff's claims against Defendant.

Signed April 13, 2011.

                                              PAUL D. STICKNEY
                                              UNITED STATES MAGISTRATE JUDGE